UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARIE ENCAR ARNOLD,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

Case No. 24-cv-07122-EKL (VKD)

**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF'S DEPOSITION OF DEFENDANT**

Re: Dkt. No. 36

Defendant Metropolitan Life Insurance Company ("Metropolitan") asks the Court to issue a protective order, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, preventing plaintiff Marie Arnold from taking depositions of Metropolitan and its employees, at least until the pleadings in this action are settled. Dkt. Nos. 36, 39. Ms. Arnold's position is unclear. Referring specifically to her notice of deposition addressed to Metropolitan's employee, Kevin Lonergan, Ms. Arnold states: "Prematurely, obtaining discovery does not prejudice the preparations. Plaintiff Marie Encar Arnold has agreed to wait for the CMC meeting in person with Federal Honorable District Judge Lee in an email." *See* Case No. 5:24-cv-06472-EKL *Arnold v. Metropolitan Life Ins. Co.* ("Case No. -6472"), Dkt. No. 57 at 2.[1]

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and may issue an order staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Metropolitan argues that there is good cause to stay

---

[1] Although Ms. Arnold did not file a response to Metropolitan's discovery letter in the present action, the Court has reviewed and considered Ms. Arnold's response filed in Case No. -6472, in which Metropolitan raised substantially the same discovery issue.

1  discovery in view of the presiding judge's orders dismissing Ms. Arnold's original and amended
2  complaints, and because the discovery sought is unduly burdensome and irrelevant.  Dkt. No. 36;
3  Dkt. No. 39.

4  On February 13, 2025, the presiding judge granted Metropolitan's motion to dismiss the
5  complaint with leave to amend.  Dkt. No. 23.  On June 24, 2025, the presiding judge granted
6  Metropolitan's motion to dismiss the first amended complaint as well.  Dkt. No. 38.  Although the
7  presiding judge again afforded Ms. Arnold an opportunity to further amend her complaint, the
8  order specifically advised Ms. Arnold: "If the second amended complaint does not substantially
9  comply with [the Court's directives regarding necessary amendments], the Court will dismiss this
10 action with prejudice." *Id.* at 6.

11 Ms. Arnold filed a second amended complaint on July 8, 2025.  Dkt. No. 40.  While the
12 second amended complaint includes additional allegations, it appears to be vulnerable to dismissal
13 on the same grounds cited in the presiding judge's June 24, 2025 order dismissing the first
14 amended complaint—namely, (1) failure to comply with the pleading requirements of Rule 8, *see*
15 Dkt. No. 38 at 3-4; and (2) failure to address why claims arising in 1995 are not time barred, *see*
16 *id.* at 4-5.  While Metropolitan has not yet moved to dismiss Ms. Arnold's second amended
17 complaint, it persuasively argues that it is not possible for Ms. Arnold to amend her pleadings to
18 state any viable claim for relief.  *See* Dkt. No. 36 at 2-3.  Metropolitan has also shown that the
19 discovery Ms. Arnold seeks—i.e. deposition testimony of Metropolitan's agent Kevin Lonergan—
20 has no bearing on the matters addressed in the June 24, 2025 order dismissing the amended
21 complaint.  *See id.* at 3.  Ms. Arnold does not address this issue in her response.

22 Accordingly, the Court grants Metropolitan's request for a protective order staying
23 discovery at this time because Metropolitan has shown that it is highly unlikely Ms. Arnold will be
24 able to state a claim for relief.[2]  *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).
25 ///
26 ///

---

[2] The Court does not rely on or address the other grounds Metropolitan cites for entry of a protective order.

1  Thus, neither party may seek or obtain discovery unless and until the pleadings are settled.

2  **IT IS SO ORDERED.**

3  Dated: July 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3